NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1363

PROPERTY ACQUISITION GROUP, LLC

vs.

STEVEN A. LIPPI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a Housing Court judge's order denying his motion for leave to file a late notice of appeal. The defendant argues that a COVID-19 eviction moratorium prohibited both the eviction and the judge's orders permitting the plaintiff to seek further discovery after obtaining judgment in its favor.  We affirm.

Background.  This appeal arises from a postforeclosure action for summary process.  The underlying summary process action was an eviction following a foreclosure sale of a property located in Malden.  On January 13, 2020, the plaintiff initiated the summary process action against the defendant.  On February 14, 2020, the judge entered judgment in favor of the

plaintiff. On November 5, 2020, the defendant filed an appeal from the judgment. On December 15, 2020, the defendant moved to vacate the judgment. The judge denied this motion on January 29, 2021. The defendant filed an appeal from the denial of his motion to vacate on March 1, 2021, over one month after the judge denied the motion. On May 3, 2021, the plaintiff filed a motion to dismiss the defendant's two appeals. On June 14, 2021, the judge allowed the motion to dismiss.

Following the February 14, 2020 judgment, the plaintiff sought further discovery from the defendant. On January 29, 2021, the judge allowed the plaintiff's motion for discovery.

On July 19, 2021, the judge granted the plaintiff an execution for possession of the premises. On July 28, 2021, the plaintiff levied on the execution and took possession of the premises by constable. The defendant has not occupied the premises since. On May 5, 2022, the plaintiff sold the property.

On September 11, 2023, the defendant moved for leave to file a late notice of appeal. On October 5, 2023, a different judge denied this motion. The defendant filed an appeal from this denial.

Discussion. The plaintiff argues that the defendant's appeal is barred by G. L. c. 239, § 5 (a). We agree.

2

"A party seeking to appeal from a judgment in a summary process action 'shall file a notice of appeal with the court within [ten] days after the entry of the judgment.'" Wells Fargo Bank, Nat'l Ass'n v. Mondi, 98 Mass. App. Ct. 280, 282 (2020), quoting G. L. c. 239, § 5 (a). This "period is fixed by statute and is jurisdictional." Jones v. Manns, 33 Mass. App. Ct. 485, 489 (1992). "[O]ur courts have ruled in numerous contexts that, where an appeal period is set by statute, a court lacks the authority to enlarge it." Wells Fargo Bank, Nat'l Ass'n, supra at 283, citing Commonwealth v. Claudio, 96 Mass. App. Ct. 787, 793-794 (2020).

Here, the defendant moved for leave to file a late notice of appeal on September 11, 2023, more than three years after the judge entered judgment for the plaintiff and well exceeding the ten-day limit prescribed by statute. See Wells Fargo Bank, Nat'l Ass'n, 98 Mass. App. Ct. at 282, quoting G. L. c. 239, § 5 (a). We cannot reach the defendant's arguments regarding the propriety of his eviction and the judge's discovery orders because the judge lacked the authority to extend the appeal period. See Wells Fargo Bank, Nat'l Ass'n, supra at 283, citing Claudio, 96 Mass. App. Ct. at 793-794. Therefore, the judge did

3

not err in denying the defendant's request for leave to file a late appeal.

Order affirmed.

By the Court (Meade, Shin & Tan, JJ.[1]),

Clerk

Entered: August 18, 2025.

---

[1] The panelists are listed in order of seniority.